# United States Court of Appeals for the Fifth Circuit

———————

No. 24-40614
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

May 22, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

James Samuel Berry,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:21-CR-285-37

———————————————————

Before Davis, Smith, and Higginson, *Circuit Judges*.

Per Curiam:[*]

James Samuel Berry appeals the 120-month, below-guidelines range sentence imposed after his guilty plea conviction for conspiracy to distribute and possession with intent to distribute fentanyl, contending that the district court erred by applying a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) based on Berry's possession of a firearm during the offense.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Berry argues that the "AR-style" firearms he admitted possessing at his home do not support the enhancement because no such firearms were recovered when investigators searched the home the next day, and he contends that the Government failed to establish a sufficient connection between a pistol found in his bedroom and his trafficking of fentanyl.

Because Berry objected to the application of the enhancement in the district court, we review his argument for clear error. *United States v. Romans*, 823 F.3d 299, 317 (5th Cir. 2016). "A factual finding is not clearly erroneous if it is plausible, considering the record as a whole." *Id.* (internal quotation marks and citation omitted). In addition, "a district court is permitted to draw reasonable inferences from the facts, and these inferences are fact-findings reviewed for clear error as well." *Id.* (internal quotation marks and citation omitted).

Section 2D1.1(b)(1) provides for a two-level enhancement "[i]f a dangerous weapon (including a firearm) was possessed." Berry's argument on appeal primarily focuses on the pistol found in his bedroom. His only argument about the AR-style firearms is that they do not support the enhancement because they were not found when officers executed the search warrant. However, that argument is unavailing because Berry admitted, and his father stated, that the AR-style firearms were in their home, and Berry further admitted that he used the firearms to protect his illegal narcotics and proceeds from the sale of narcotics. *See United States v. Vital*, 68 F.3d 114, 119-20 (5th Cir. 1995). Berry has not briefed, and has therefore waived, any other challenge to the district court's reliance on the AR-style firearms. *See United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010). He therefore fails to show clear error. *See Romans*, 823 F.3d at 317.

AFFIRMED.